LAW OFFICES OF JOSEPH J. IACOPINO
Joseph J. Iacopino, Esq. CNMI Bar No. F0262
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Tel: (310) 260-4460 – Cel: (310) 701-5675
Email: JJI.LOJJI@aol.com
　In association with
SEMAN LAW OFFICE, LLC
Vincent J. Seman, Esq. CNMI Bar No. F0361
P.O. Box 10001 PMB 168
Saipan, MP 96950
Tel: (670) 323-2115
Email: vjseman@semanlaw.com

Attorneys for Plaintiff Kan Pacific Saipan, Ltd.

FILED
Clerk
District Court

AUG 1 4 2023

for the Northern Mariana Islands
By____JP____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Kan Pacific Saipan, Ltd.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Imperial Pacific International (CNMI), LLC and DOES 1-50,<br><br>　　　　Defendants. | Case No: CV 23-00011<br><br>**COMPLAINT FOR DAMAGES & DEMAND FOR TRIAL BY JURY** |

**COMES NOW** Plaintiff, Kan Pacific Saipan, Ltd., by and through counsel, and alleges as follows:

## GENERAL ALLEGATIONS

1.　The true names and capacities, whether individual, corporate, or otherwise, of defendants DOES 1-50 are unknown at this time to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to, and/or, amend this complaint to assert the true names and capacities once ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a DOE was in some manner responsible and is liable to plaintiff for the injuries, losses and damages hereinafter alleged.

2. Plaintiff is informed and believes, and thereon alleges, that each defendant named herein was the agent and/or employee, and/or ostensible agent and/or employee of his/her/its co-defendants and as such was acting within the course and scope of said agency and/or employment when acting as alleged herein, except when acting as a principal, in which case said defendants were negligent in the selection and hiring and supervision of the other said defendants. The corporate defendants named herein acted through managing agents or approved and/or ratified the wrongful acts of their agents, employees or co-defendants as alleged herein.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) as this case is between a citizen of a State and a citizen of a foreign state and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

4. Venue in the Northern Mariana Islands District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District and the subject contract and promissory note were executed in the District.

## PARTIES

5. At all relevant times, Plaintiff Kan Pacific Saipan, Ltd. ("KPS") is and was an incorporated business entity duly formed and existing under the laws of the Commonwealth of the Northern Mariana Islands ("CNMI") with its principal place of business on Saipan, CNMI.

6. At all relevant times, Defendant Imperial Pacific International (CNMI), LLC ("IPI") is and was a limited liability company, duly formed and existing under the laws of the CNMI.

7. At all relevant times Defendant Imperial Pacific International (CNMI), Ltd. is and was a limited liability company, duly formed and existing under the laws of the CNMI, and/or was

an alternative name used by Imperial Pacific International (CNMI), LLC to refer to Imperial Pacific International (CNMI), LLC.

8. At all relevant times, Best Sunshine International Limited is and was the sole member of Imperial Pacific International (CNMI), LLC.

9. At all relevant times, Best Sunshine International Limited is and was incorporated in the British Virgin Islands. At all relevant times, Best Sunshine International Limited is and was a British Virgin Islands corporation.

10. At all relevant times, the principal place of business of Best Sunshine International Limited is and was the Hong Kong Special Administrative Region of the People's Republic of China.

11. At all relevant times, Best Sunshine International Limited is and was a citizen of the British Virgin Islands.

12. At all relevant times, Best Sunshine International Limited is and was a citizen of the Hong Kong Special Administrative Region of the People's Republic of China.

13. On May 6, 2021, IPI admitted that this Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(2) in a case where the plaintiff is a citizen of the CNMI. (*See Kan Pacific Saipan, Ltd. v. Imperial Pacific International (CNMI), Ltd., et al*, Case No. 21-00034 (D. N. Mar. I. May 6, 2021), ECF No. 17 ¶ 2).

14. On May 6, 2021, Imperial Pacific International (CNMI), LLC admitted that its sole member is Best Sunshine International Limited, a British Virgin Islands corporation. *Id.* at ECF No. 17 ¶6.

## FACTS

15. This case arises from a breach of a written Agreement that had been entered between KPS and IPI on or about May 9, 2016.

16.  As a material part of the consideration for entering into said Agreement, IPI became contractually and legally bound and obligated to pay to KPS the sum of $5,000,000.00 which was to be satisfied by making 25 annual payments to KPS in the amount of $200,000.00 on June 1 of each calendar year, commencing on June 1, 2017. In reliance thereon, KPS refrained from pursuing legal action against IPI and others and otherwise changed its position and circumstances.

17.  IPI thereafter made the first three annual payments that were due in June 2017, June 2018, and June 2019.

18.  However, IPI failed and refused to tender any portion of the amount that became due and owing on June 1, 2020, after KPS sent to IPI the 10-day notice of such default pursuant to the Agreement.

19.  KPS filed a civil action against IPI in the U.S. District Court for the Northern Mariana Islands. *See Kan Pacific Saipan, Ltd. v. Imperial Pacific International (CNMI), Ltd., et al*, 1:21-CV-00034. Said prior action set forth a cause of action for breach of contract based upon IPI's failure to tender the payments that were due on June 1, 2020, June 1, 2021, and June 1, 2022. Said complaint was nearly identical to the instant complaint.

20.  KPS filed a motion for summary judgment in said prior action. Said motion was granted. *See Kan Pacific Saipan, Ltd. v. Imperial Pacific International (CNMI), Ltd., et al*, 1:21-CV-00034, Amended Order Granting Plaintiff's Motion for Summary Judgment, ECF 45.

21.  Accordingly, a judgment was entered in December 2022 in favor of KPS against IPI in the amount of $697,801.30 plus post-judgment interest under the federal rate of 4.76% per annum. *See Kan Pacific Saipan, Ltd. v. Imperial Pacific International (CNMI), Ltd., et al*, 1:21-CV-00034, Judgment, ECF 46.

22.  As of the date of the filing of this instant action, the Judgment remains unpaid by IPI.

23. On June 1, 2023, IPI again failed to pay KPS the annual payment due in the amount of $200,000.00, and such default continued after KPS gave IPI its 10-day notice of default pursuant to the Agreement.

24. The Agreement provides that interest at the rate of 10% per annum shall accrue as to any amount that is not timely paid by IPI to KPS pursuant to the Agreement.

25. The Agreement further provides that, in the event of a breach of the Agreement, and/or if any legal action is taken to enforce any provision of the Agreement, the prevailing party in any action to enforce any obligation pursuant to the Agreement shall entitled to a recovery of costs and reasonable attorney fees.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

26. KPS incorporates by reference all the allegations set forth in paragraphs 1-25 hereinabove as though fully set forth at length at this point.

27. IPI failed to tender any portion of the annual payment that was due and owing as of June 1, 2023.

28. IPI is and remains obligated to pay to plaintiff the June 2023 annual payment, plus attorneys' fees, costs, and applicable interest.

29. As a direct legal result of the aforesaid breach of contract by defendants, KPS has thus far suffered an economic loss of such payment in the amount of $200,000.00 that is currently owed by defendants to plaintiff pursuant to said Agreement.

30. As a further direct legal result of the aforesaid breach of contract, KPS has suffered an economic loss of the value of the use of said sum of money in an amount to be ascertained according to proof.

31. As a further direct legal result of the aforesaid breach of contract, KPS is entitled to interest at the rate of 10% per annum.

32. As a further direct legal result of the aforesaid breach of contract, KPS is entitled to reasonable attorneys' fees and costs in an amount to be ascertained according to proof.

33. As a further direct legal result of the acts and omissions of defendants, and each of them, KPS has suffered and will continue to suffer incidental and consequential damages, in an amount to be ascertained according to proof.

34. KPS has fulfilled all of its obligations set forth in the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, KPS prays for judgment against defendants, and each of them, as follows:

1. For payment of said such sums of money that defendants are obligated to pay to KPS pursuant to the Agreement;

2. For general damages in an amount to be ascertained according to proof;

3. For incidental and consequential damages in an amount to be ascertained according to proof;

4. For the loss of use of said sum of money in an amount to be ascertained according to proof;

5. For costs of suit incurred herein;

6. For pre-judgment interest of 10% from date of default, as well as post-judgment interest as determined by the Court;

7. For attorneys' fees in an amount to be ascertained according to proof; and

8. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

KPS respectfully requests and demands a trial of the above-captioned action by jury.

DATED: August 12, 2023

LAW OFFICES OF JOSEPH J. IACOPINO

By: *[signature]*
JOSEPH J. IACOPINO
Attorneys for Plaintiff